IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

TORNADO BUS COMPANY,           §
                               §
            Plaintiff,         §
                               §
V.                             §        No. 3:14-cv-3231-M
                               §
BUS & COACH AMERICA            §
CORPORATION, ET AL.,           §
                               §
            Defendants.        §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Tornado Bus Company filed a Motion for Leave to Depose Defendant Larry P. Brennan to Ascertain Jurisdictional Facts. *See* Dkt. No. 7. United States District Judge Barbara M.G. Lynn referred the motion to the undersigned magistrate judge for hearing, if necessary, and recommendation or determination. *See* Dkt. No. 12. For the reasons explained below, the motion should be denied.

**Background**

This lawsuit arises from a contract between Plaintiff and Defendant Bus & Coach America Corporation ("BCA"). Plaintiff contracted to purchase 20 buses from BCA. The contract was amended to lower the number of buses purchased to five. Defendant Lawrence P. Brennan is BCA's President and he represented BCA during the contract negotiations.

Plaintiff subsequently attempted to cancel the contract and demanded return of its $187,500 down payment. *See* Dkt. No. Dkt. No. 1-2 at 1-9 (Plaintiff's Original

Petition); Dkt. No. 5-1 at 22-33 (Contract and Addendum).

Plaintiff sued Defendants BCA, BCI America, Bus & Coach International Pty. Ltd., and Lawrence P. Brennan in the 44th Judicial District Court of Dallas County, Texas for breach of contract, money had and received, conversion, fraud, and fraudulent inducement. *See* Dkt. No. 1-2 at 1-9. Defendants BCA and Brennan filed a Special Appearance. *See id.* at 10-27.

Defendants BCA and Brennan subsequently removed the case to federal court on the basis of diversity jurisdiction, *see* Dkt. No. 1, and filed a Motion to Dismiss for Lack of Personal Jurisdiction, *see* Dkt. No. 5. Plaintiff is a resident of Texas, BCA is a California corporation with its principal place of business in California, and Brennan is an individual who is a resident of California. BCA and Brennan contend that they lack contacts with Texas sufficient to permit suit against them in this forum and that this lawsuit against them should be dismissed under Federal Rule of Civil Procedure 12(b)(2). The Motion to Dismiss is supported by the Affidavit of Lawrence Brennan. *See* Dkt. No. 5-1 at 10-21.

Plaintiff now seeks an order permitting it to depose Lawrence Brennan to ascertain jurisdictional facts. *See* Dkt. No. 7. BCA and Brennan object to the request for jurisdictional discovery, *see* Dkt. No. 13 at 23-27, and Plaintiff has responded to their objections, *see* Dkt. No. 15.

## Legal Standards

When seeking discovery on personal jurisdiction, a plaintiff must make a "preliminary showing of jurisdiction" before being entitled to such discovery. *Fielding*

*v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005). The decision to allow jurisdictional discovery is within the district court's discretion. *See id.* at 428. "[D]iscovery on matters of personal jurisdiction need not be permitted unless the motion to dismiss raises issues of fact. When the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted." *Kelly v. Syria Shell Petroleum Dev. B.V.,* 213 F.3d 841, 855 (5th Cir. 2000) (citation omitted). A plaintiff seeking discovery on matters of personal jurisdiction is expected to identify the discovery needed, the facts expected to be obtained thereby, and how such information would support personal jurisdiction. *See Mello Hielo Ice, Ltd. v. Ice Cold Vending LLC,* No. 4:11-cv-629-A, 2012 WL 104980, at *7 (N.D. Tex. Jan. 11, 2012) (citing *Kelly*, 213 F.3d at 855). A court is entitled to deny leave to conduct jurisdictional discovery where the movant fails to specify what facts it believes discovery would uncover and how those facts would support personal jurisdiction. *See id.*; *Northview Christian Church, Inc. v. Monolithic Constructors, Inc.*, No. 3:09-cv-655-M, 2010 WL 2812849, at *3 (N.D. Tex. July 13, 2010); *King v. Hawgwild Air, LLC,* No. 3:08-cv-153-L, 2008 WL 2620099, at *8 (N.D. Tex. June 27, 2008).

## Analysis

Plaintiff seeks to depose Lawrence Brennan concerning three matters: (1) BCA and Brennan's business activities in Texas; (2) negotiations and communications concerning the contract and addendum between Plaintiff and BCA; and (3) performance of and future obligations required by the contract and addendum. Plaintiff argues that this discovery is necessary to determine where Brennan thought that

- 3 -

Plaintiff's representatives were when he made a phone call or sent emails to them and whether BCA attempted to do business in Texas at the time of its transactions with Plaintiff, as demonstrated by the terms of the contract and addendum. BCA and Brennan respond that those issues are irrelevant and will not add significant facts to the jurisdictional analysis.

Plaintiff attempts to show a need for discovery by creating a conflict in the evidence where one does not exist. In his declaration in support of the motion to dismiss, Brennan states that he individually has never done business in Texas, that BCA does business and has offices in California and China, and that BCA has never had an office in Texas or another state and does not have dealers, employees, or agents in Texas. Brennan further states that, while BCA and its employees have attended trade shows, worked with vendors and development partners, dealers, and end-users in other states, and supported sales activities of dealers in other states, none of those activities have been in Texas. Brennan then discusses several face-to-face meetings with Plaintiff's representatives, including the meeting in Florida at which the contract was executed and subsequent meetings in Florida, China, and California, as well as communications concerning the modification of the contract and subsequent communications, always noting that he was in California, Florida, or China during those communications. *See* Dkt. No. 5-1 at 10-21.

Plaintiff implies that Brennan's statements that BCA conducts business in California and China are inconsistent with his recounting of face-to-face meetings with Plaintiffs in Florida. But Brennan describes business activities that BCA conducts in

other states, but not Texas, and Plaintiff does not explain how the fact that BCA conducts business in Florida is relevant to the determination of whether BCA conducts business in Texas.

Plaintiff also argues that Brennan applies too narrow a definition of conducting business, which Plaintiff claims necessitates its requested discovery to determine whether BCA conducts business in Texas. But Plaintiff does not dispute any of Brennan's assertions and fails to identify a conflict in Brennan's declaration or disputed issues of fact that a deposition of Brennan would resolve.

Instead, Plaintiff argues that it needs to depose Brennan to determine where Brennan thought that Plaintiff's representatives were when he talked to them on their cell phones or exchanged email with them. Plaintiff argues that this information will show not only that BCA directed business to Texas but also that Brennan and BCA made fraudulent representations directed to and relied on by Plaintiff in Texas.

But, as to the first point, while "[a] single act directed at the forum state can confer personal jurisdiction so long as that act gives rise to the claim asserted," "merely contracting with a resident of the forum state does not establish minimum contacts," and "[a]n exchange of communications in the course of developing and carrying out a contract also does not, by itself, constitute the required purposeful availment of the benefits and protections of Texas law." *Moncrief Oil Int'l Inc. v. OAO Gazprom*, 481 F.3d 309, 312 (5th Cir. 2007). "Otherwise, jurisdiction could be exercised based only on the fortuity that one of the parties happens to reside in the forum state." *Id.* And courts are reluctant to find jurisdiction based only on emails and phone calls because reliance

on telephone calls and email "can no longer reliably prove purposeful availment, given the fact that technology now permits an individual anywhere in the world to be reached by a single telephone number or a single e-mail address." *Marie-Paule Renoir v. Hantman's Assocs., Inc.*, Civ. No. H-05-4152, 2006 WL 1007481, at *9 (S.D. Tex. Apr. 18, 2006) (citing *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 790 (Tex. 2005) (dismissing fraud claim against individual defendant and explaining "changes in technology have made reliance on phone calls obsolete as proof of purposeful availment")); *accord Carolina Invesco, LLC v. McGowan*, No. 6:10CV624, 2011 WL 4566264, at *1, *3-*4 (E.D. Tex. Sept. 8, 2011); *Riverside Exports, Inc. v. B.R. Crance & Equip., LLC*, 362 S.W.3d 649, 655 (Tex. App. – Houston [14th Dist.] 2001, pet. denied). This seems especially so in this case because, in his declaration, Brennan discusses the formation and development of the relationship between the parties based on meetings in Florida, California, and China, including the initial meeting in Florida at which the original contract was executed, and Plaintiff does not explain how any specific telephone call or email shows that BCA directed business to Texas, thereby conferring jurisdiction on the Texas court, simply because Plaintiff was in Texas when it received the communication.

And, as to Plaintiff's assertion that personal jurisdiction exists because Defendants, in connection with selling buses to Plaintiff, were directing the alleged fraudulent representations by telephone and email to a Texas corporation that they knew was operating in Texas and had its headquarters in Texas, there is no disputed issue of fact as to which discovery is needed on the jurisdictional issue. Brennan's

declaration does not deny that Plaintiff operated out of Texas, *see* Dkt. No. 5-1 at 11, and does not take a position on where Plaintiff's representatives were when receiving the phone calls or emails at issue, *see id.* at 14-21. Insofar as the Court will consider whether these communications have jurisdictional significance as to any tort claim and will, in the absence of an evidentiary hearing, accept Plaintiff's allegations in its operative pleading as true and construe all factual conflicts in favor of Plaintiff, *see Wilson v. Belin,* 20 F.3d 644, 648 (5th Cir. 1994); *Cable Electronics, Inc. v. N. Am. Cable Equip., Inc.*, No. 3:08-cv-433-M, 2010 WL 1541504, at *1 (N.D. Tex. Apr. 15, 2010), the undersigned cannot accept Plaintiff's position that determining Defendants' knowledge concerning where they were directing their calls and emails through jurisdictional discovery is necessary.

Plaintiff also argues that it needs to depose Brennan to develop parole evidence concerning Brennan's understanding of the contract between the parties. But the only contract term expressly requiring performance in Texas is that BCA was required to deliver the buses "F.O.B Dallas, TX." *See* Dkt. No. 5-1 at 23. Plaintiff seeks to depose Brennan to determine whether Brennan understood that other contract terms provided for performance in Texas. Those terms include a two-year unlimited warranty provided by the manufacturer, the terms that the manufacturer will provide a service tech for one year at the purchaser's facility "from point of 1st delivery" at no cost to purchaser and agrees to stock parts during the time the factory technician is on site, and the term that the manufacturer and purchaser will agree to have further discussions about becoming a certified service facility. *See id.* at 23-24, 33. But none of the parties

contend that the contract is ambiguous, and, for purposes of resolving the Rule 12(b)(2) motion, the Court can construe the other contract terms as a matter of law without discovery concerning Brennan's understanding of those terms.

The undersigned concludes that Plaintiff has failed to show that the requested jurisdictional discovery would aid the jurisdictional determination. Plaintiff's demonstration of the specific facts that it expects to be revealed through jurisdictional discovery "is especially important where, as here, the defendant enters declarations into evidence specifically denying certain jurisdictional allegations." *Bell Helicopter Textron, Inc. v. American Eurocopter, LLC*, 729 F.Supp.2d 789, 797-98 (N.D. Tex. 2010) (citation omitted).

Plaintiff's briefing does not suggest Plaintiff will obtain specific facts needed to establish personal jurisdiction if allowed to depose Brennan but rather suggests that Plaintiff disagrees with Defendants as to the jurisdictional significance of the facts alleged in the operative pleading and Brennan's declaration and therefore contends that it should be allowed to depose Brennan. *See, e.g.*, Dkt. No. 15 at 8 ("The facts Defendants claim are insufficient to confer jurisdiction are actually facts that form the basis for the exercise of jurisdiction by this Court over Defendants, and further development of these facts will demonstrate that jurisdiction is proper in this case."). To support its request to depose Brennan, Plaintiff argues:

- "Defendants knew they were to deliver the buses in this forum and not in any other jurisdiction and, therefore, certainly anticipated being hauled into a Texas court as they knew they were directing their business activity toward Texas. If Defendants thought otherwise, then Plaintiff should be allowed discovery." *Id.* at 10.

• "Discovery concerning Defendants' knowledge on this issue would certainly clarify whether Defendants truly believed that they were not directing business activity toward Texas." *Id.* at 11.

• "Because Defendants claim that Plaintiff operates in multiple states precluded the foreseeability of being sued in Texas, Plaintiff seeks discovery to determine if Defendants truly believed that they were not directing business activity toward Texas under a contract that required delivery in Texas and whether they truly believed that the facility to which they were to furnish a technician was outside of Texas and that they were not warranting buses that were to operate in Texas." *Id.* at 11-12.

Plaintiff concludes its reply by asserting that, "[i]n light of the basic facts showing that Defendants entered into a contract with, and directed representations to, a Texas corporation with its headquarters in Texas where the contract called for performance in Texas and Defendants sought to further develop its relationship with Plaintiff, the Court should grant leave for Plaintiff to exercise its qualified right to conduct jurisdictional discovery to prevent Defendants from defeating jurisdiction by withholding information on their contacts with this forum." *Id.* at 13.

But Plaintiff has not pointed to any contact with Texas as to which Defendant is withholding information – as opposed to contacts or alleged contacts as to which Defendants take a different position than Plaintiff. That is, Plaintiff disagrees with Defendants about the jurisdictional significance of certain facts and the validity or soundness of Defendants' apparent beliefs regarding personal jurisdiction over Defendants in this state. Plaintiff suggests that it is entitled to jurisdictional discovery because Defendants disavow that a Texas court has personal jurisdiction over them even though, in Plaintiff's view, Defendants could not help but have "anticipated being

hauled into a Texas court." *Id.* at 10. Plaintiff's arguments hinge on its view that, if Defendants did not believe their conduct subjected them to suit in a Texas court, Plaintiff is entitled to depose Brennan, apparently in the hope that he will admit that Defendants' belief was mistaken or not truly held or that he knew he was directing his allegedly fraudulent communications into, and business activity toward, Texas.

But the Court need not permit discovery on Plaintiff's hope that Brennan may disavow Defendants' legal position on personal jurisdiction or agree to Plaintiff's position on the significance of certain jurisdictional facts or to Plaintiff's construction of certain contractual terms. At bottom, the only issue before the Court appears to be a legal one – whether Defendants' contacts are sufficient to establish jurisdiction – and Plaintiff does not identify any disputed issues of fact that would be resolved by proper jurisdictional discovery.

Accordingly, the undersigned recommends that Plaintiff's motion for jurisdictional discovery be denied.

## Recommendation

Plaintiff's Motion for Leave to Depose Defendant Larry P. Brennan to Ascertain Jurisdictional Facts [Dkt. No. 7] should be denied.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 24, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE